RICHARD L. HOLMES, Retired Appellate Judge.
This is a workmen’s compensation case.
*966 On March 27,1991, James L. Roberts (employee) suffered an on-the-job injury to his lower back while working as a brick mason for Garrett Masonry (employer). Thereafter, the employee filed a complaint against the employer.
The case was tried on the following issues: the degree of the employee’s permanent impairment, if any, and whether the employee had suffered any loss of earning capacity. Following the trial, the trial court found in favor of the employer. Specifically, the trial court determined that the employee had suffered no loss of earning capacity.
The employee appeals. We affirm.
We note that there is a two-step standard of review in workmen’s compensation cases. First, this court must determine whether there is any legal evidence to support the finding of the trial court. If this court determines that such evidence exists, then we must ascertain whether the judgment of the trial court is supported by any reasonable view of that evidence. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala. 1991).
Our review of the record reveals that the employee had worked as a brick mason for the employer for approximately 11 months before the accident. The record further reveals that the employee’s past work experience included operating his own business, Clanton Recreation, for approximately 12 years, with an annual income of approximately $50,000. At the time of the trial, the employee, along with his wife, owned and operated a business, Peach Country Antique MaU.
At the trial the employee testified that since the accident, he cannot bend over, and he can hardly get up if he stoops over. He further testified that he can carry groceries, if his wife hands them to him, but he cannot bend over to get them. The employee’s wife testified that the maximum amount that her husband could lift was between 15 to 20 pounds, but that “he pays for it.” She further testified that her husband cannot bend from the waist “like the rest of us do.”
The employer introduced into evidence two surveillance videotapes and some surveillance photographs of the employee getting the Peach Country Antique Mall ready to open for business. These videotapes and photographs show the employee bending from the waist, as well as unloading items from a vehicle. On rebuttal, the employee testified that the maximum weight of the items that he was unloading was 35 pounds.
In addition, Joy Gibson, a customer of the Peach Country Antique Mall, testified that she purchased a 45-pound pot from the employee and that the employee carried the pot to her car and put it in the trunk by himself.
Maria Lynn Munroe, a vocational rehabilitation consultant, testified at the trial that the employee does not have a vocational disability. Munroe testified that she based her opinion upon her interview with the employee and his wife regarding his social and personal activity level, his work history, his educational background, and his medical history; on her review of the employee’s medical records; on her review of the depositions of the employee and Dr. Greg Miller, who specializes in physical medicine and rehabilitation and who treated the employee after this accident; and on her review of three surveillance videotapes of the employee supplied by the employer. Munroe testified that, after viewing the employee’s activity level on the videotapes, which was inconsistent with the employee’s description of his activity level, but consistent with his past work history, she was of the opinion that he could return to being a brick mason. Mun-roe indicated that medium-level work requires lifting 50 pounds occasionally and 20 pounds, or less, frequently.
Munroe also testified that in their interview the employee indicated to her that he had worked as a bricklayer for 35 years, either self-employed or as a subcontractor, until he began working with the employer approximately 11 months before the accident. She testified that the employee failed to mention that his past work history included his having been an owner and manager of a video arcade vending machine company for 12 years. She stated that the significance of this information is that the employee had a 12-year job history of light-level work, earn- *967 mg approximately $50,000 annually, which he neglected to mention to her.
After the trial the trial court entered an order, which provided in pertinent part:
“11. The court has also considered the testimony of the [employee]; the testimony of the [employee’s] wife; the testimony of [the] investigator [who conducted the surveillance]; and the testimony of Joy Gibson. The court finds that the surveillance photographs, blow-ups, and videotapes clearly show that the [employee] is able to lift and carry heavy furniture, wood, boxes, and other items at his antique store. The [employee] is also able to lay tile, climb up into a truck and sweep it out while on his hands and knees, bend and stoop. The court also concludes that the [employee] is able to carry and lift items in and out of his current business, as evidenced by the testimony of Joy Gibson. The [employee] also has transferable skills to a prior employment and can return to work as a brick mason.
“12. It is the conclusion and finding of this court, after having observed the witnesses, taking into consideration the [employee’s] age, education, training, experience, and vocational limitations, and after having considered the credibility of the [employee], [that] he has sustained no loss of earning capacity and has sustained no vocational disability.
“13. It is the finding and conclusion of this court that judgment should be rendered in favor of [the employer] and that the [employee] not have and shall not recover any further amount of temporary total disability, permanent partial disability, or permanent total disability from [the employer]. All costs of this action shall be taxed against the [employee].

“CONCLUSIONS OF LAW

“Based upon the aforesaid findings of fact, the court CONCLUDES and ADJUDGES that the [employee] has suffered no loss of earning capacity and is not entitled to recover from the [employer] under the Alabama Workers’ Compensation Act.”
As indicated above, our review of the record clearly reveals that there exists legal evidence to support the findings of the trial court and that such evidence supports the judgment of the trial court.
Therefore, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.